# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY PETERSON, on behalf of himself and all others similarly situated, )<br><br>PLAINTIFF, )<br>)<br>v. )<br>)<br>MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC., and ENCORE CAPITAL GROUP, INC., )<br>)<br>DEFENDANTS. ) | Case No. 20-cv-2503<br><br><br>Jury Demanded |

## CLASS COMPLAINT

Plaintiff, Jeffrey Peterson, on behalf of himself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Defendants sent Plaintiff a collection letter that misrepresented the time by which he was required to respond to a state court lawsuit.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from misrepresentation. *E.g. Genova v. IC Sys., Inc.*, No. CV 16-5621, 2017

WL 2289289, at *3 (D.N.J. May 25, 2017).

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Jeffrey Peterson, ("Plaintiff"), is a resident of the state of Illinois from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a Credit One Bank, N.A. consumer credit account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant, Midland Funding LLC ("Midland"), is a Delaware limited liability company with its principal place of business at 3111 Camino Del Rio N, #1300, San Diego, CA 92108. It does or transacts business in Illinois. (Exhibit A, Record from Illinois Secretary of State).

8. Midland holds a collection agency license from the state of Illinois (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

9. Midland's principal purpose is the collection of debts, as it derives all of its revenue from purchasing and recovering portfolios of defaulted receivables from consumers. *See*

SEC filings, Encore Capital Group, Inc., Annual Report (Form 10-K) (Dec. 31, 2016), available at http://investors.encorecapital.com/phoenix.zhtml?c=115920&p=irol-reportsannual (viewed November 15, 2017).

10. Midland is thus a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

11. Defendant, Midland Credit Management ("MCM"), is a Kansas corporation with its principal place of business at 3111 Camino Del Rio N, Suite 1300, San Diego, CA 92108-8875. MCM does or transacts business in Illinois. (Exhibit C, Record from Illinois Secretary of State).

12. MCM is a collection agency that attempts to collect debts held in the name of Midland Funding, LLC.

13. MCM holds a collection agency license from the State of Illinois. (Exhibit D, Record from Illinois Department of Financial & Professional Regulation).

14. MCM regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is therefore a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

15. Encore Capital Group, Inc. ("Encore") is a Delaware Corporation. It does not maintain a registered agent in Illinois. Its registered agent and office is Corporation Service Company, located at 251 Little Falls Drive, Wilmington, DE 19808. (Exhibit E, Record from the Delaware Secretary of State).

16. Encores' SEC filing for 2017 states in part:

> We purchase portfolios of defaulted consumer receivables at deep discounts to face value and manage them by working with individuals as they repay their obligations and work toward financial recovery. Defaulted receivables are consumers' unpaid financial commitments to credit originators, including banks,

credit unions, consumer finance companies, commercial retailers, and telecommunication companies. Defaulted receivables may also include receivables subject to bankruptcy proceedings.

17. Encore's primary purpose is the collection of debt as it derives a majority of its revenue from the collection of defaulted consumer receivables and it is thus a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

18. According to Midland, Peterson incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Credit One Bank, N.A. consumer credit account ("alleged debt").

19. The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA, and a "consumer debt" as that term is defined in 225 ILCS 425/2 of the ICAA.

20. Midland later allegedly purchased the debt and retained MCM to collect the alleged debt.

21. On April 4, 2019 MCM initiated a state court lawsuit to collect the debt and Peterson was served with summons and complaint on or about April 26, 2019. (Exhibit F, State Court Summons and Complaint).

22. The complaint had an appearance/return date of May 6, 2019.

23. The complaint sought "$2,395.36 Plus Interest and Court Costs."

24. On April 23, 2019 MCM also sent Peterson a letter informing him of the lawsuit.

25. The letter stated in relevant part: "If we can't resolve this out of court, we intend to continue with this lawsuit and will request the judge grant Midland Funding LLC a judgement for the full balance owed. **Reply by: May 23, 2019**." (emphasis original) (Exhibit G, Letter)

26. Peterson believed and the unsophisticated consumer would believe that they had until May 23, 2019 to prevent further legal action or to take any action regarding the lawsuit.

27. In fact, if Peterson did not file an appearance by May 6, 2019, a default would have been entered against him.

28. Further, Peterson would have waived his right to a jury trial as Illinois Supreme Court rules require defendants in small claims actions to file their demand for a jury when their appearance is due.

29. The letter is thus false, deceptive, and misleading.

30. Suing consumers and then sending them false information about the lawsuit that would lead them to a) have a default judgment entered against them; and/or b) waive their constitutional right to a jury is unfair, and unconscionable.

31. The letter also stated: "Current Balance: $2,395.36"; "Account Balance: $2,395.36"; and, "Total Remaining Balance due: $2,395.36."

32. MCM claimed they would ask the judge for the "full balance owed."

33. In fact, Midland's complaint explicitly requests **more** than the full balance – it includes a demand for court costs.

34. However, Midland attached an affidavit to the state court complaint that specifically states that plaintiff is not seeking additional amounts after charge-off. *See* Exhibit F, State Court Complaint.

35. The letter is thus false, deceptive, and misleading for this additional reason.

36. The FDCPA broadly prohibits the, "use of any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e

37. MCM's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

38. The FDCPA also prohibits the, "use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

39. MCM and Midland engage in trade and commerce in the State of Illinois – namely, debt collection.

40. The Illinois Consumer Fraud and Deceptive Act ("ICFA"), 815 ILCS 505/1-12, broadly prohibits "unfair or deceptive acts or practices," including but not limited to the use of any deception, fraud, false promise, or suppression or concealment of any material fact with the intent that a person rely on such a misrepresentation. 815 ILCS 505/2.

41. MCM's letter is unfair and deceptive because it incorrectly states the amount of the judgment that will be sought and incorrectly states the actual deadline for the consumer to file their appearance in the lawsuit.

42. MCM and Midland intended to send the deceptive letter to Peterson and intended Peterson rely on the misrepresentations in the letter.

43. The misrepresentations in the letter and the unfair practice of sending such letters caused to Peterson experience negative emotions about, including annoyance, aggravation, and other garden variety emotional distress.

**COUNT I—FAIR DEBT COLLECTION PRACTICES ACT—CLASS CLAIM**

44. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

45. Encore, MCM and Midland violated 15 U.S.C. § 1692e and § 1692f by sending letters to consumers in order to collect a debt where such letters falsely, deceptively, and unfairly

misrepresented the date on which the consumer must file an appearance and the amount of judgment MCM and Midland were in fact requesting.

46. Encore, MCM and Midland violated 15 U.S.C. § 1692e and § 1692f by sending letters to consumers in order to collect a debt where such letters falsely, deceptively, and unfairly misrepresented the amount it was seeking in a lawsuit it stated had been filed against Plaintiff.

47. Plaintiff brings a claim on behalf of himself and the following class (False Reply Date Class):

   a. all persons in Illinois,
   b. whom MCM and Midland sued
   c. for the purpose of collecting a debt,
   d. and were sent a letter substantially similar to Exhibit B,
   e. where the return date on the complaint is different from the 'reply date' in the letter

48. Plaintiff brings a claim on behalf of himself and the following additional class (False Judgment Class):

   a. all persons in Illinois,
   b. whom MCM and Midland sued
   c. for the purpose of collecting a debt,
   d. and also sent them a letter substantially similar to Exhibit B,
   e. where the letter states an amount being sought, but where;
   f. additional amounts are being sought in the referenced lawsuit.

49. Midland is a bulk debt-buyer and sues thousands of consumers in Illinois each year through MCM to collect those debts. The Letter at issue is a form letter, and nearly identical copies were sent to Illinois consumers in the course of thousands of lawsuits. The class is thus so numerous that joinder of all members is impracticable.

50. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. A predominant

common question includes whether Midland and MCM's letter is false, deceptive, or misleading and an unfair and unconscionable practice.

51. Peterson will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of consumer credit and debt collection claims and class actions.

52. A class action is an appropriate method for the fair and efficient adjudication of the controversy. Rather than conducting thousands of individual trials, the liability of MCM and Midland can be determined in a single proceeding. The evidence required to establish the violations of the FDCPA is identical for each class member. Moreover, Congress expressly contemplated class actions as a means of enforcing the FDCPA.

WHEREFORE, Jeffrey Peterson asks that the Court enter judgment in his favor and in favor of the class and against Defendants Encore, Midland Funding, LLC and Midland Credit Management as follows:

      A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) in the amount of $500,000;

      B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

      C.    Such other or further relief as the Court deems proper.

## COUNT II—ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

53. Plaintiff Jeffrey Peterson re-alleges the above paragraphs if set forth fully in this count.

54. MCM, Midland, and Encore violated 815 ILCS 505/2 by sending letters to consumers in order to collect a debt where such letters falsely, deceptively, and unfairly

misrepresented the date on which the consumer must file an appearance and the amount of judgment MCM and Midland were in fact requesting.

55. Plaintiff brings this claim on behalf of himself and the following two classes.

56. The first class (ICFA - False Reply Date Class) consists of

   a. all persons in Illinois,
   b. whom MCM and Midland sued
   c. for the purpose of collecting a debt,
   d. and were sent a letter substantially similar to Exhibit B,
   e. where the return date on the complaint is different from the 'reply date' in the letter

57. The second class (ICFA - False Judgment Class) consists of

   a. all persons in Illinois,
   b. whom MCM and Midland sued
   c. for the purpose of collecting a debt,
   d. and also sent them a letter substantially similar to Exhibit B,
   e. where fees, interest, or costs are sought in the complaint, but not mentioned in the letter regarding the judgment sought

58. Midland is a bulk debt-buyer and sues thousands of consumers in Illinois each year through MCM. The Letter at issue is a form letter, and nearly identical copies were sent to Illinois consumers in the course of thousands of lawsuits. The class is thus so numerous that joinder of all members is impracticable.

59. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. A predominant common question includes whether Midland and MCM's letter is an unfair and/or deceptive practice under ICFA.

60. Peterson will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of consumer credit and debt collection claims and class actions.

61. A class action is an appropriate method for the fair and efficient adjudication of the controversy. Rather than conducting thousands of individual trials, the liability of MCM and Midland can be determined in a single proceeding. The evidence required to establish the violations of the ICFA is identical for each class member.

62. WHEREFORE, Jeffrey Peterson asks that the Court enter judgment in his favor and in favor of the classes and against Midland Funding, LLC and Midland Credit Management as follows:

    A.    Actual Damages under 815 ILCS 505/10a

    B.    Punitive Damages under 815 ILCS 505/10a;

    C.    Costs and reasonable attorney fees under 815 ILCS 505/10c; and

    D.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael Drew
One of Plaintiff's Attorneys

Michael W. Drew
**Neighborhood Legal LLC**
20 N. Clark Suite 3300
Chicago, IL 60602
Ph: (312) 967-7220
mwd@neighborhood-legal.com